UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                :
ALTA WATERFORD, LLC,                            :
                                                :         23 Civ. 1569 (PAE)
                       Plaintiff,               :
                                                :         ORDER
        -v-                                     :
                                                :
ONASSIS HOLDINGS CORP.,                         :
                                                :
                       Defendant.               :
                                                :
------------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

On February 27, 2023, plaintiff filed the petition to compel arbitration in this case. Dkt. 1. On review, it appears that plaintiff has asserted subject-matter jurisdiction solely on the basis of federal-question jurisdiction arising under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. See id. at 2. Although the section 4 of the FAA authorizes petitions to compel arbitration, it "do[es] not [itself] support federal jurisdiction." *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022). Rather, the Court may only entertain such a petition "if [it] would have jurisdiction 'save for [the arbitration] agreement,' over 'a suit arising out of the controversy between the parties.'" *Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009) (quoting 9 U.S.C. § 4). To make such a determination, "[a] federal court may 'look through' a [section] 4 petition and order arbitration" to examine whether federal-question or diversity jurisdiction exist over the underlying controversy. *Id.* at 53.

Plaintiff has not asserted an independent jurisdictional basis. Plaintiff alleges a state-law-based contract action—that is, that defendant breached Section 23 of the parties' contract, Dkt. 1 at 2—not a controversy arising from under a federal law, independent of the FAA. *See* 28

U.S.C. § 1331. Thus, this Court lacks federal-question jurisdiction over the petition, as alleged. *See Vaden*, 556 U.S. at 59–60. Nor has plaintiff alleged a basis for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not alleged an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* Dkt. 1 at 2 ("Defendant owes Plaintiff at least $70,500.00); 28 U.S.C. § 1332.

To enable the Court to determine whether there is jurisdiction, plaintiff must therefore file an amended complaint petition by March 10, 2023. If plaintiff is unable to amend the petition to allege truthfully federal-question or diversity jurisdiction, then the complaint will be dismissed, without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power.").

Accordingly, in the interests of justice, the Court grants plaintiff leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) to allege the jurisdiction.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 27, 2023
New York, New York